JOE SWEENEY, RESPONDENT, v. MAUDE W. RUSSELL ET AL., APPELLANTS.—39 S. W. (2d) 1074.

Kansas City Court of Appeals. Opinion filed June 15, 1931.

*L. L. Watts* for respondent.

*H. C. Waltner, W. K. Dillenberger* and *James Davidson* for appellant.

CAMPBELL, C.—Plaintiff brought suit in the justice of the peace court of Ray G. Cowan, and the venue thereof was, upon the application of defendants, changed to the justice of the peace court of M. H. Joyce who rendered judgment for the amount sued for in favor of plaintiff and against defendants. The defendants appealed therefrom to the circuit court.

Notice of the appeal was not served on plaintiff, and he, in due and proper time, filed motion to affirm the judgment of the justice on account of such failure. While that motion was pending defendants filed motion to strike plaintiff's said motion and to dismiss the cause, assigning seven reasons therefor, neither of which is necessary here to state. The motion to affirm was sustained and the motion to strike was overruled, and defendants filed motion for new trial. While the motion for new trial was pending, from the best we can understand the record, and at a time when it was under consideration, the plaintiff called the clerk of Justice COWAN's court as a witness and he gave evidence as to the date of some of the occurrences in the court of said justice. Plaintiff asked the court to correct a date in the transcript, and that was done. The court sustained the motion for a new trial and the plaintiff asked to refile the motion to affirm the judgment. The leave was granted, and defendants asked permission to file motion to dismiss the cause. The motion to affirm the judgment was sustained and judgment rendered against the defend-

ants and the sureties on the appeal bond, and the motion to dismiss was, by the court of its own, motion, overruled. Defendants appealed.

Defendants present under points and authorities three propositions, the first of which is that when the motion for new trial was sustained the court could not thereafter render judgment without trial, and cites, among others, the case of Haney v. Grear, 23 S. W. (2d) 1058, 1061. The principle announced in that case is well enough but it is not applicable to the situation here. When a case has been tried, judgment rendered and new trial awarded, another trial is necessary in order that judgment may be rendered, but in this case the sustention of the motion for new trial restored the cause to the same position it occupied before the judgment was rendered, that is, the case was re-instated and the motion to affirm was then pending. The point is ruled against defendants.

The second point is that plaintiff resisted defendants' motion to dismiss the motion to affirm the judgment and thereby entered general appearance. We do not think so. All plaintiff did in resisting the motion to dismiss was to insist that the court was without jurisdiction to proceed with any matter except to hear the motion to affirm the judgment. When the motion to affirm the judgment was filed "the judge has no jurisdiction to entertain any other matter in connection with the case." [C. B. & Q. v. Olin, 218 Mo. App. 578, 584, 266 S. W. 130.]

It is further contended that plaintiff waived his said motion by introducing evidence in reference to the fact that there was an incorrect date in the transcript of the justice, and in asking that the date be corrected. Defendants assert that said evidence was introduced upon the hearing of the motion to dismiss. Plaintiff says the evidence was offered solely in opposition to the motion for new trial. The record on the subject is not entirely clear. But, as stated, from the best we are able to understand, the evidence was offered in opposition to certain grounds stated in the motion for new trial. Plaintiff, after the motion to affirm the judgment had been sustained, could thereafter resist the defendants' motion for new trial without waiving the motion to affirm. When a new trial was granted plaintiff's motion to affirm was then properly before the court for consideration, and the court was without jurisdiction to entertain any other matter. The point is ruled against defendants.

The third point is that in sustaining the motion to affirm, the court erroneously entered a judgment different from that of the justice. It is said that the judgment of the justice is general, in that there is not a separate finding on each of the counts in plaintiff's statement.

The statute does not contemplate that the judgment rendered by the circuit court upon motion to affirm shall be in the exact form of the judgment of the justice.

702

Section 2362, Revised Statutes 1929, provides that if the judgment of the justice "be affirmed . . . such judgment shall be rendered against him and his sureties in the recognizance for the appeal." The judgment below is in the form prescribed by said section, and, of course, cannot be in the same form as the judgment of the justice. The error, if any, is harmless. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur except *Trimble, P. J.,* absent.